Order Form (01/2005)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | SHARON JOHNSON COLEMAN | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 10 c 761 | **DATE** | November 22, 2010 |
| **CASE TITLE** | Geraldine Viramontes v. US Bancorp. | | |

**DOCKET ENTRY TEXT**

Plaintiff Geraldine Viramontes ("Plaintiff") filed the instant motion [32] seeking leave to file a third amended complaint to add a claim for interference with her rights under the Family and Medical Leave Act ("FMLA"), 29 U.S.C. § 2601 *et seq.*, and to better plead her claim for retaliatory discharge under the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101 *et seq.* Defendants U. S. Bancorp and U. S. Bank National Association (collectively "Defendants") oppose the Motion alleging the proposed amendments are futile because they lack factual support. For the reasons that follow, the Court grants Plaintiff's motion.

■[ For further details see text below.]   Docketing to mail notices.

00:00

## STATEMENT

In accordance with Federal Rule of Civil Procedure 15(a), leave to amend shall be freely given "when justice so requires." *Sound of Music v. Minn. Mining and Mfg. Co.*, 477 F.3d 910, 922 (7th Cir. 2007); FED. R. CIV. P. 15(a). A district court has the discretion to deny a motion for leave to amend if there is undue delay, bad faith, dilatory motive, undue prejudice to the opposing party by virtue of allowing the amendment, or futility of amendment. *Sound of Music*, 477 F.3d at 922. A proposed amendment is considered futile if it will not survive a motion for summary judgment. *Id.* at 923.

In response to Plaintiff's motion, Defendants argue only that the proposed amendments are futile. Defendants do not assert bad faith, dilatory motive, undue delay or prejudice. Thus, the issue before the Court is whether the proposed claims can survive a motion for summary judgment.

Plaintiff first alleges, and Defendants concede, that Plaintiff informed the Lincoln Park branch manager, Dennis Lingefelter ("Lingefelter"), of Plaintiff's need for time off work to correct her hallux limitus condition and to recover from the surgical procedure. Plaintiff's treating podiatrist also provided a letter to Lingenfelter identifying Plaintiff's condition and indicating Plaintiff required leave to heal. These acts were sufficient to put Defendants on notice that that this was a possible FMLA leave situation. *See, e.g., Burnett v. LFW Inc.*, 472 F.3d 471, 479 (7th Cir. 2006) ("[t]he employee's notice obligation is satisfied so long as [s]he provides information sufficient to show that [s]he *likely* has an FMLA-qualifying condition") (emphasis original). Once notice is provided, an employer then has a duty to inquire further to determine whether the employee is entitled to FMLA leave. *Id.* at 480. Defendants have put forth no evidence demonstrating that Lingenfelter or anyone else in Defendants' employ attempted to determine whether Plaintiff's condition entitled her to take FMLA leave. Furthermore, a factual dispute exists as to whether Defendants met their employee notice requirements as neither Plaintiff nor Lingenfelter could recall whether a poster explaining FMLA provisions was present in the break room at the Lincoln Park branch.

## STATEMENT

Plaintiff next seeks to re-plead her retaliatory discharge claim under the ADA. Plaintiff first alleged this claim as Count I of the Second Amended Complaint ("SAC"). (Dkt. No. 30.) Defendants did not challenge Plaintiff's request for leave to add this this claim and in fact stipulated to an entry of an order allowing Plaintiff leave to file her SAC. (Dkt. No. 27.) Defendants cannot now argue that Plaintiff's motion should be denied because this claim lacks a factual basis. While this may be Defendants' position, there is also ample evidence in the record to support Plaintiff's claim for relief.

Plaintiff has alleged sufficient evidence to withstand summary judgment on both her FMLA interference and ADA retaliatory discharge claims. Plaintiff's motion for leave to amend is GRANTED.